```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**DARRYL CHAVALE HARRIS**                              **CIVIL ACTION**

**VERSUS**                                             **NO. 08-5182**

**PROBATION AND PAROLE CONVICTION**                    **SECTION "D"(5)**
**DISTRICT DIVISION, LOUISIANA PAROLE**
**BOARD, DEPARTMENT OF PUBLIC SAFETY**
**AND CORRECTIONS**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), §1915e(2) and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. FACTUAL SUMMARY

The plaintiff, Darryl Chevale Harris, is housed in the Franklin Parish Detention Center in Winnsboro, Louisiana. Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, he filed this pro se and in forma pauperis complaint against the defendants, the Covington District Division of Parole

and Probation, the Louisiana Parole Board, the Louisiana Department of Public Safety and Corrections, Paul Pajak, Jill Walker, Probation and Parole Supervisor Curt Hodges, Felix Indest, C.A. Lowe, Jr., Jame M. Leblance, and an unknown board member, seeking damages for alleged violations of his constitutional.

Harris outlines the following alleged events as the basis of his complaint. On July 24, 2008, he was arrested by Pajak on false allegations. Jill Walker conducted a preliminary parole revocation hearing on August 15, 2008, and, in spite of the evidence, did not release him. Harris wrote a grievance complaint to Supervisor Curt Hodges on September 23, 2008, asking him to look at the proceedings. On October 28, 2008, an unknown board member ordered that a second final revocation hearing be held. The second hearing was not pursued by Parole and Probation.

That same day, Harris wrote the first of a series of letters to C.A. Lowe, Jr., about his situation. He also wrote a third-step grievance complaint to the Secretary of the Louisiana Department of Public Safety and Corrections ("DOC") on November 28, 2008. This was the first in a series of letters to the Secretary informing him of the situation.

As a result of his continued incarceration, Harris seeks his immediate release, an overhaul of the Covington District's probation and parole system, and monetary damages of $2000 per day for each day he is incarcerated.

## II. STANDARDS OF REVIEW

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

## III. CLAIMS AGAINST INDEST AND LEBLANCE

Harris has named among the defendants Felix Indest and Jame M. Leblance. A thorough reading of his complaint reveals that he has not alleged any action or inaction by these defendants, nor has he identified who these defendants are, i.e. police officers, parole

officers, parole board members.  Harris has done nothing more than to list the names as defendants.  To impose liability under §1983, Harris must not only establish that a constitutional violation occurred, but he must also prove that the defendants' actions were taken under color of state law.  <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978).  A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  <u>Thibodeaux v. Bordelon</u>, 740 F.2d 329, 333 (5th Cir. 1984) (citation omitted).  Harris has not asserted any allegation which would indicate that Indest or Leblance are state actors.

Furthermore, proof of an individual defendant's personal involvement in the alleged wrong is also a prerequisite to his liability on the claim for damages under § 1983.  An official can not be held vicariously liable under § 1983 simply because another person, employee, or subordinate, allegedly violated a plaintiff's constitutional rights.  <u>See</u> <u>Alton v. Texas A & M Univ.</u>, 168 F.3d 196, 200 (5th Cir. 1999); <u>see also</u> <u>Baskin v. Parker</u>, 602 F.2d 1205, 1210 (5th Cir. 1979).  Instead, a state actor may be liable under §1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation."  <u>Douthit v. Jones</u>, 641 F.2d 345, 346

(5th Cir. 1981) (citing <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F.2d 120 (5th Cir.1980)).

Harris has not alleged that Indest or Leblance had personal involvement in his arrest, the revocation proceedings, or the related grievance proceedings. Having failed to allege a basis for liability under § 1983, Harris's claims against Indest and Leblance must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

## IV. <u>CLAIMS AGAINST THE REMAINING DEFENDANTS</u>

Under a broad reading, Harris has named as a defendant his parole officer, Pajak, because of his alleged false arrest for bringing the allegations which prompted the parole revocation proceedings. He has also named Walker, Hodges, Lowe, and the unknown parole board member, for their respective roles in the parole revocation proceedings and/or in the handling of his related grievances. He also includes as defendants the Covington District Division of Probation and Parole, the Louisiana Parole Board, and the DOC. Harris, under a broad reading, blames the defendants for his continued incarceration in spite of evidence he believes demonstrates that was entitled to release from prison.

For the reasons set forth in detail below, Harris's claims are subject to dismissal under the doctrine set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), because Harris seeks his release, in

addition to the monetary and other injunctive relief.  However, before applying the Heck doctrine, the court is required to consider any applicable doctrine of absolute immunity.  See Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); Lawson v. Speetjens, 42 F.3d 642, 642 (5th Cir. 1994).

    A.    **ABSOLUTE IMMUNITY**

Harris does not indicate whether he has named the defendants, Pajak, Walker, Hodges, Lowe, and the unknown parole board member, in their individual or official capacities.  In either capacity, however, these defendants may be entitled to absolute immunity.  The same is true for the entities named, the Covington District Division of Probation and Parole, the Louisiana Parole Board, and the DOC, as each is a division of the state government.

    1.    **OFFICIAL CAPACITY AND THE ELEVENTH AMENDMENT**

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State.  Pennhurst State School v. Halderman, 465 U.S. 89, 98 (1984); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir. 1986).  A state may expressly waive this Eleventh Amendment sovereign immunity.  See Edelman v. Jordan, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); Welch v. State Dept. of Highways and Public Transp., 780 F.2d 1268, 1271-73 (5th Cir. 1986).  However, the State of Louisiana has not

6

done so. To the contrary, La. Rev. Stat. Ann. §13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

The defendants, Pajak, Walker, Hodges, Lowe, and the unknown parole board member, acting in his or her official capacity, are not persons but instead stand in the place of the state entity through which they perform their duties. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Here, that entity would be the Division of Probation and Parole office and the state Parole Board, also named as defendants.

Louisiana law provides that the Division of Probation and Parole and the Parole Board are part of and function through the DOC. La. Rev. Stat. Ann. §§36:401(B)(3)(d), 409(C)(4). The DOC itself is a department within the Louisiana state government. La. Rev. Stat. Ann. §36:401.

For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds. Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the DOC is suit against the State of Louisiana and is barred by the Eleventh Amendment. Citrano v. Allen Correspondence. Ctr., 891 F. Supp. 312, 320-21 (W.D. La. 1995) (citing Anderson, 655 F. Supp. at 560 and Bldg. Eng'r Serv. Co., Inc. v. La., 459 F. Supp. 180 (E.D. La. 1978)). For the same reasons, it follows that suit against the

DOC's subdivisions, the Covington District Division of Probation and Parole and the Louisiana Parole Board, and Pajak, Walker, Hodges, Lowe, and the unidentified parole board member, each in their official capacity, for monetary damages is a suit against the State of Louisiana, is prohibited by the Eleventh Amendment. <u>Miles v. Everett</u>, 88 Fed. Appx. 775 (5th Cir. 2004); <u>Littles v. Board of Pardons and Paroles Div.</u>, 68 F.3d 122 (5th Cir. 1995).

To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. <u>Frew ex rel. Frew v. Hawkins</u>, 540 U.S. 431, 437 (2004) (citing <u>Ex parte Young</u>, 209 U.S. 123 (1908)). This standard allows federal courts to order prospective relief and ancillary relief thereto where there exists a violation of federal law. <u>Id</u>. (citing <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974); <u>Milliken v. Bradley</u>, 433 U.S. 267 (1977); <u>Green v. Mansour</u>, 474 U.S. 64, 71-73 (1985)).

To the extent that Harris seeks injunctive relief, i.e. to be released from prison and reform of the system, he has asserted that errors in his parole revocation violated the United States Constitution, resulting in his current confinement. As will be discussed further, these claims must be pursued through a petition for writ of habeas corpus and not this §1983 complaint. Thus, although the State of Louisiana is not per se immune from the declaratory and injunctive relief, Harris has failed to assert a

8

claim for which relief can be granted under §1983 because the relief sought is habeas corpus in nature.

For the foregoing reasons, Harris's claims against the Covington District Division of Probation and Parole, the Louisiana Parole Board, and the Louisiana DOC, and Pajak, Walker, Hodges, Lowe, and the unidentified parole board member, each in their official capacity, are subject to dismissal with prejudice as legally frivolous, for failure to state a claim for which relief can be granted, and for seeking monetary relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

**2. INDIVIDUAL CAPACITY AND ABSOLUTE IMMUNITY**

To the extent Pajak, Walker, Hodges, Lowe, and the unidentified parole board member, may also be sued in their individual capacity, they are nonetheless entitled to absolute immunity from suit. To determine the application of the doctrine of absolute immunity, federal courts must employ a functional test rather than look to a defendant's status or title. Buckley v. Fitzsimmons, 509 U. S. 259, 269 (1993); Forrester v. White, 484 U.S. 219, 227-29 (1988).

The Supreme Court has not expressly extended absolute immunity to parole officers or parole board members, in their individual capacity, although it has noted with approval that lower federal courts have done so. Cleavinger v. Saxner, 474 U.S. 193, 200-01 (1985). Most circuits, including the United States Fifth Circuit

Court of Appeals, have held that "'parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole.'" Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995) (quoting Walrath v. United States, 35 F.3d 277, 281 & n.2 (7th Cir. 1994)); Woods v. Chapman, 239 Fed. Appx. 35 (5th Cir. 2007); Miles, 88 Fed. Appx. at 775.

The Fifth Circuit has also extended absolute immunity to other state employees performing quasi-judicial roles pertaining to the actual denial or revocation of parole before the parole board. Farrish v. Miss. State Parole Bd., 836 F. 2d 969, 973 (5th Cir. 1988); Johnson v. Kegans, 870 F.2d 992, 997 (5th Cir. 1989); Brown v. Nester, 753 F. Supp. 630, 632 (S.D. Miss. 1990). The Fifth Circuit has defined a quasi-judicial actor as "an official who, because of the organization of the government in a particular state, performs the parole board's quasi judicial duties." Farrish, 836 F.2d at 975. These duties can include acting as a judge or a prosecutor in the parole revocation hearing. Id., at 975-76.

In this case, plaintiff's complaint is vague as to the precise role each of the defendants allegedly performed in connection with his parole revocation. Nevertheless, state parole officers and state parole board members, when sued in their roles in bringing charges or their roles in the revocation process itself, are entitled to absolute immunity from suit. Woods, 239 Fed. Appx. at

37; Miles, 88 Fed. Appx. at 775; see also, Castille v. State of Louisiana, No. 99-0940, 1999 WL 544684 at *2 (E.D. La. Jul. 27, 1999).

Harris's claims against the defendants are based on a meritless legal theory and can be dismissed as frivolous, for failure to state a claim upon which relief can be granted, and for seeking monetary relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A. Alternatively, even if these defendants were not entitled to an absolute immunity from this suit, the claims are still subject to dismissal under the Heck doctrine discussed below.

### B. THE HECK DOCTRINE

The plaintiff's claims seeking both injunctive relief and monetary damages, which are not subject to dismissal under the foregoing doctrines of absolute immunity, must also be dismissed under Heck, 512 U.S. at 477. In Heck, the Supreme Court held that a civil action for alleged civil rights violations, which attacks the validity of state confinement that has not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under §1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of

11

> a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id</u>., 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

Harris's claims are clearly connected to the validity of his present confinement, which is based on his parole revocation. <u>Heck</u>, 512 U.S. at 479; <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir. 1997); <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th Cir. 1994). He states in his complaint that his parole was revoked, and he is currently in custody as a result of the parole revocation. Based on his allegations, neither his revocation nor his current confinement has been set aside in any of the ways described in <u>Heck</u>. Thus, any §1983 claim Harris has concerning his continued confinement is premature and must be dismissed. <u>See e.g.</u>, <u>Cronn v. Buffington</u>, 150 F.3d 538 (5th Cir. 1998) (applying <u>Heck</u> to parole revocation challenge); <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 161 (5th Cir. 1995) (same); <u>Castille</u>, 1999 WL 544684 at *2 (applying <u>Heck</u> to allegations that parole revocation was based on false testimony by parole officers). As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v.</u>

McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Cooper v. Quarterman, No. 207-0161, 2008 WL 954159 at *1 (N.D. Tex. Apr. 3, 2008).

Furthermore, as noted previously, Harris asks this court to release him from his current confinement. However, this civil rights proceeding is not appropriate for pursuing that type of relief, which is only available through habeas corpus review. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir. 1997), reh'g en banc granted and opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds and opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986). Harris must pursue his habeas corpus claims and related relief in a properly filed state post-conviction application or federal habeas corpus proceeding, if appropriate. Id.; see Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.") (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Harris's §1983 claims against the defendants, Indest and Leblance, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to

state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

It is further **RECOMMENDED** that Harris's §1983 claims seeking monetary damages against the defendants, the Covington District Division of Probation and Parole, the Louisiana Parole Board, and the Louisiana DOC, and Pajak, Walker, Hodges, Lowe, and the unidentified parole board member, each in their official capacity, be **DISMISSED WITH PREJUDICE** as legally frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

It is further **RECOMMENDED** that Harris's §1983 claims against the defendants, Pajak, Walker, Hodges, Lowe, and the unknown parole board member, each in their individual capacity, be **DISMISSED WITH PREJUDICE** as legally frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

Alternatively, should a reviewing court determine that these defendants are not entitled to absolute immunity in their individual capacities, the claims against these defendants in their individual capacities may be **DISMISSED WITH PREJUDICE** until such time as the Heck conditions are met.

It is further **RECOMMENDED** that Harris's § 1983 claims seeking injunctive and declaratory relief against the defendants be

**DISMISSED WITH PREJUDICE** until such time as the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 16th day of January, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE