UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARRYL CHAVALE HARRIS | * | CIVIL ACTION |
| VERSUS | * | NO: 08-5182 |
| PROBATION AND PAROLE CONVICTION DISTRICT DIVISION, LOUISIANA PAROLE BOARD, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL | * | SECTION: "D"(5) |

### ORDER AND REASONS

Having reviewed the record, the Report and Recommendation issued by the Magistrate Judge (Doc. No. 4. entered on January 20, 2009), and the Response of Petitioner, Darryl Chavale Harris (Doc. No. 5, filed on February 2, 2009)[1], the court adopts the Magistrate Judge's Report and Recommendation as its own with the following modification, and finds that Petitioner's §1983 Complaint should be dismissed.

In her Report and Recommendation, the Magistrate Judge points out that while Petitioner included in his named Defendants, Felix Indest and Jame M. Leblance (*sic*), Petitioner has not alleged any

---

[1] In his response, Petitioner includes a request for a continuance "unitl [his] Writ of Habeas Corpus has run its course." (Doc. No. 5). The court **DENIES** Petitioner's request for a continuance.

action or inaction by these Defendants, nor has he identified who these Defendants are. (Doc. No. 4, pp. 3-4). In his Response, Petitioner states that "Jame M. Leblanc is the secretary of the Department of Public Safety and Corrections" and "Felix Indest is the Administrator of the Covington District Probation and Parole>' (Doc. No. 5). Petitioner further states that these Defendants "both were notified of the situation that I was placed in by their departments thats (*sic*) why they were listed as Defendants." (*Id*.). However, as the Magistrate Judge stated:

> proof of an individual Defendant's personal involvement in the alleged wrong is also a prerequisite to his liability on the claim for damages under §1983. An official cannot be held liable under §1983 simply because another person, employee, or subordinate, allegedly violated a plaintiff's constitutional rights. See <u>Alton v. Texas A & M Univ.</u>, 168 F.3d 196, 200 (5th Cir. 1999); see also <u>Baskin v. Parker</u>, 602 F.2d 1205, 1210 (5th Cir. 1979). Instead, a state actor may be liable under §1983 only if "was personally involved in the acts causing deprivation of his constitutional rights or that a causal connections exists between an act of the official an the alleged constitutional violation." <u>Douthit v. Jones</u>, 641 F.2d 345, 246 (5th Cir. 1981) (citing <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F.2d 120 (5th Cir. 1980)).
>
> Harris has not alleged that Indest or Leblance had personal involvement in his arrest, the revocation proceedings, or the related grievance proceedings. Having failed to allege a basis for liability under §1983, Harris's claims against Indest and Leblance must be dismissed as frivolous and otherwise

2

> for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

(Doc. No. 4, pp. 4-5).

Accordingly, for reasons stated by the Magistrate Judge and adopted by this court with the above modification,

**IT IS ORDERED** that Harris's §1983 claims against Defendants, Felix Indest and Jame Leblance, be and are hereby **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A;

**IT IS FURTHER ORDERED** that Harris's §1983 claims seeking monetary damages against the Defendants, the Covington District Division of Probation and Parole, the Louisiana Parole Board, and the Louisiana Department of Public Safety and Corrections, and Paul Pajak, Jill Walker, Curt Hodges, C.A. Lowe, Jr., and the unidentified parole board member, each in their official capacity be **DISMISSED WITH PREJUDICE** as legally frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune Defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A;

**IT IS FURTHER ORDERED** that Harris's claims against the Defendants, Pajak, Walker, Hodges, Lowe, and the unidentified

parole board member, each in their individual capacity, be **DISMISSED WITH PREJUDICE** as legally frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune Defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.  Alternatively, should a reviewing court determine that these Defendants are not entitled to absolute immunity in their individual capacities, the claims against these Defendants in the individual capacities are **DISMISSED WITH PREJUDICE** until time as the Heck[2] conditions are met;

**IT IS FURTHER ORDERED** that Harris's §1983 claims seeking injunctive and declaratory relief against the Defendants be and are hereby **DISMISSED WITH PREJUDICE** until such time as the Heck conditions are met.

New Orleans, Louisiana, this **9th** day of **February**, **2009**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[2] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

4